# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 12, 2022

Lyle W. Cayce
Clerk

No. 22-10264
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Selvin Omar Canales,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CR-280-1

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Selvin Omar Canales pled guilty to illegal reentry after deportation and was sentenced within the guidelines range to 46 months in prison and three years of supervised release. He asserts that he was not informed that the statutory enhancement provision in 8 U.S.C. § 1326(b)(2) was an

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-10264

essential element of the offense to which he was pleading guilty, rendering his guilty plea unknowing and involuntary. He also alleges that the statutory enhancement provision in § 1326(b) and any prison term in excess of the maximum allowed under § 1326(a) are unconstitutional. Canales concedes that his arguments concerning § 1326(b) are foreclosed and indicates that he wishes to preserve them for further review. The Government has moved for summary affirmance or, alternatively, for an extension of time to file a brief.

The parties are correct that the issues raised on appeal are foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Pervis*, 937 F.3d 546, 553–54 (5th Cir. 2019). Therefore, summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED AS MOOT, and the district court's judgment is AFFIRMED.